IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

KAREN TURNBOW,

    Plaintiff,

v.                                                                        Case No. 19-1006

BUNZL RETAIL SERVICES, LLC,

    Defendant.

## COMPLAINT

COMES NOW Plaintiff Karen Turnbow ("Ms. Turnbow") and files this complaint against her former employer Defendant Bunzl Retail Services, LLC ("Bunzl") for interference with her rights protected by the Family and Medical Leave Act of 1993 ("FMLA"), as codified at 29 U.S.C. §§ 2601 et seq., as well as retaliation for invocation of rights protected by the FMLA. In support, Plaintiff would state as follows:

### I. JURISDICTION

1. This Court has original jurisdiction of Plaintiff's claims under the FMLA pursuant to 28 U.S.C. § 1331. The Court also has jurisdiction to adjudicate Plaintiff's FMLA claims under 29 U.S.C. § 2617(a)(2).

### II. PARTIES

2. Plaintiff Karen Turnbow is a white female citizen of the United States and at all pertinent times herein has resided in Gibson, Tennessee and worked for Defendant Bunzl Retail Services, LLC in Milan, Tennessee.

3. Defendant Bunzl Retails Services, LLC ("Bunzl") is a packing, storage, warehouse and distribution company incorporated in Virginia and headquartered at One CityPlace Drive, Suite 200, St. Louis, Missouri 63141. Bunzl operates various facilities including a facility located at 4931 Denton Fly Road, Milan, Tennessee 38358 under the name Schwarz Supply Source. The Milan facility serviced one client, Delta Faucet.

### III. STATEMENT OF FACTS

4. On or about October 10, 2016, Ms. Turnbow began work for Bunzl as a picker/packer at its Milan, Tennessee facility. On July 10, 2017, Bunzl promoted by Ms. Turnbow to the position of clerk, where she was responsible for preparing the orders for the day and communicating with Delta Faucet.

5. On October 10, 2017, Bunzl performed an annual performance evaluation of Ms. Turnbow and rated her work as excellent.

6. In early spring of 2018, Ms. Turnbow suffered significant vaginal bleeding and resulting weakness. After visiting her treating physician, Ms. Turnbow's physician diagnosed her with endometrial hyperplasia. Her physician also took her off work as of March 8, 2018. Ms. Turnbow submitted her FMLA paperwork, which was then approved by Bunzl.

7. During this FMLA leave, Ms. Turnbow's oncologist opined that surgery might be necessary as he thought her endometrial hyperplasia was potentially cancerous. Later, her oncologist prescribed a steroid to stem her bleeding and potentially avoid surgery.

8. On April 15, 2018, Ms. Turnbow returned to work and began her shift at 11:00 p.m. Ms. Turnbow continued to work the rest of the week.

9. On April 22, 2018, Ms. Turnbow reported to work for the 11:00 p.m. shift. After

a few hours, Ms. Turnbow felt numbness in her arm as well as swelling. Ms. Turnbow reported to her supervisor, Donnie Davis, that she believed she did not feel well, believed she was suffering an allergic reaction to her medication, and needed to go home and speak to her doctor. Ms. Turnbow also communicated her need to leave and reason for leaving with three of the leads to whom she reports: Melissa Joyce, Peggy, and Patricia. Ms. Joyce escorted Ms. Turnbow to her car to ensure that she got to her vehicle safely.

10. The morning of April 23, 2018, Ms. Turnbow attempted to speak to her physician. Ms. Turnbow was finally able to speak to her physician on April 24, 2018, who advised her to stop taking the prescribed steroid and to take Benadryl.

11. Ms. Turnbow was scheduled to work beginning at 11:00 p.m. on April 23, 2018. As her allergic reaction to the medication had not improved, she called in to Bunzl but no one answered. Instead, Ms. Turnbow left a message.

12. By the evening of April 24, 2018, Ms. Turnbow's condition had improved and she had planned on returning to work that evening. Instead, Elizabeth Richardson, Bunzl's Human Resources representative in Milan, left a voice message on Ms. Turnbow's mother's phone at 6:58 p.m. stating that Ms. Turnbow should not return until they had spoken. Ms. Turnbow attempted to return the call, but no one answered as Ms. Richardson leaves the office at 7:00 p.m.

13. On April 25, 2018, Ms. Turnbow again called Ms. Richardson and was able to speak with her. Ms. Turnbow reported that she had to leave work on the morning of April 23, 2018 because of a reaction to the medication she had been prescribed as part of on-going treatment related to her previously approved FMLA leave. Ms. Richardson responded that her

FMLA was "voided." Ms. Richardson told Ms. Turnbow that her job was terminated for "excessive absences."

14. Bunzl terminated Ms. Turnbow despite having knowledge that her leave was protected by FMLA. Because it included Ms. Turnbow's FMLA protected absences as a basis for her termination, Bunzl interfered with Ms. Turnbow's rights under the FMLA.

15. Furthermore, Bunzl terminated Ms. Turnbow in retaliation for her having taken FMLA previously and for her attempt seek protected leave under FMLA.

16. Defendant took its action willfully, knowingly, with malice, and/or reckless indifference to Ms. Turnbow's protected rights.

17. As a result of Bunzl's willful actions, Ms. Turnbow suffered lost income and benefits. The loss of income and benefits was especially damaging as Ms. Turnbow required considerable treatment related to her conditions that had necessitated FMLA leave including having to have surgery to remove her uterus, which was determined to be cancerous.

## IV. CAUSES OF ACTION

Plaintiff incorporates the foregoing paragraphs and would state:

18. The actions of Defendant Bunzl constitute interference with Plaintiff's exercise of his FMLA protected leave in violation of 29 U.S.C. § 2615(a)(1).

19. The actions of Defendant Bunzl constitute discrimination and/or retaliation for Plaintiff's exercise of his FMLA rights in violation of 29 U.S.C. §§ 2615(a)(1)-(3), as well as any other provision of the FMLA not specifically named which affords protection to Plaintiff.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

20. This Court assume jurisdiction in this matter and set this case promptly for trial by jury;

21. That this Court enter a declaratory judgment declaring the actions of Defendant Bunzl to be in violation of the FMLA;

22. That Plaintiff be awarded money damages in an amount equivalent to her loss of wages (back pay), salary, employment and health benefits and other compensation, with interest;

23. That Plaintiff be awarded money damages in amount necessary to cover all expenses related to her medical care that would have been covered had Plaintiff not been wrongfully terminated;

24. That this Court order Defendant to reinstate Plaintiff to her employment with full pay and benefits, or in the alternative, to award front pay in an amount to be determined by the Court;

25. That Plaintiff be awarded liquidated damages in an amount equal to her loss of wages, salary, employment and health benefits and other compensation, with interest;

26. That this Court award Plaintiff reasonable attorney's fees, reimbursement for costs and expenses, and any expert witness fees;

27. That Plaintiff be awarded pre-judgment interest and post-judgment interest on all damages awarded to Plaintiff; and

28. Plaintiff further seeks any and all other general, equitable and/or monetary relief as deemed just by the Court.

Respectfully submitted,

/s/Bryce W. Ashby
Donald A. Donati - TN #8633
William B. Ryan - TN #20269
Bryce W. Ashby - TN #26179
Janelle C. Osowski – TN #31359
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
901/278-1004 (phone)
901/278-3111 (fax)
bryce@donatilaw.com

Attorneys for Plaintiff